**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NONEND INVENTIONS, N.V., | |
| Plaintiff, | |
| | CIVIL ACTION NO. 2:15-cv-466 |
| v. | **(Consolidated Lead Case)** |
| APPLE, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |
| v. | |
| | CIVIL ACTION NO. 2:15-cv-467 |
| DELL INC., | **(Member Case)** |
| Defendant. | **JURY TRIAL DEMANDED** |
| v. | |
| | CIVIL ACTION NO. 2:15-cv-468 |
| HTC AMERICA, INC., | **(Member Case)** |
| Defendant. | **JURY TRIAL DEMANDED** |
| v. | |
| | CIVIL ACTION NO. 2:15-cv-469 |
| HUAWEI TECHNOLOGIES USA INC, ET AL., | **(Member Case)** |
| Defendants. | **JURY TRIAL DEMANDED** |
| v. | |
| | CIVIL ACTION NO. 2:15-cv-470 |
| LG ELECTRONICS U.S.A., INC., ET AL., | **(Member Case)** |
| Defendants. | **JURY TRIAL DEMANDED** |
| v. | |
| | CIVIL ACTION NO. 2:15-cv-471 |
| MICROSOFT CORPORATION, | **(Member Case)** |
| Defendant. | **JURY TRIAL DEMANDED** |
| v. | |
| | CIVIL ACTION NO. 2:15-cv-596 |
| ACER INC., ET AL., | **(Member Case)** |
| Defendants. | **JURY TRIAL DEMANDED** |

| | |
|---|---|
| v.<br><br>AMAZON.COM, INC., ET AL.,<br><br>Defendant. | CIVIL ACTION NO. 2:15-cv-598<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>FUJITSU AMERICA, INC., ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 2:15-cv-606<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 2:15-cv-608<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>TOSHIBA CORPORATION, ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 2:15-cv-625<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>PANASONIC CORPORATION, ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 2:15-cv-627<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |

## SUR-REPLY IN OPPOSITION TO MOTIONS TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA[1]

---

[1] This brief addresses the reply briefs filed by Microsoft, Amazon, HTC, Acer, Toshiba, Fujitsu, HP, Dell, Panasonic, and LG ("Joint Reply"), and the reply filed by Huawei, which incorporated the Joint Reply by reference.  These companies will collectively be referred to as "movants."

## I.     DEFENDANTS DID NOT MAKE THE REQUIRED THRESHOLD SHOWING

On the threshold issue of whether the actions against the moving defendants could have been brought in California, defendants say that "Nonend cannot legitimately dispute that these cases could have been brought" there.  Reply at 4.  But Nonend is not required to dispute it. Rather, defendants had the burden of establishing that these actions could have been filed in the district to which they are asking to be transferred.  And not even defendants argue that their conclusory, unsupported assertions in their opening brief were sufficient to meet their burden.

The moving defendants now attempt, in a footnote in their reply brief, to point out facts that they say show that these actions could have been filed in the Northern District of California. *See* Reply at 4, n. 4.  As an initial matter, it would be unfair to allow defendants to argue these facts in reply since Nonend has already taken its venue related discovery based on the arguments that defendants made in their opening brief.  But even considering what defendants argue in their footnote, defendants still have not met their burden on the threshold issue.

Defendants' footnote does not even attempt to address the threshold issue for the Acer, Dell, or Toshiba defendants.  *See* Reply at 4, n. 4.  Nor does it say anything about Fujitsu, Ltd. *See id.*  Similarly, Huawei still has not even attempted to address the threshold issue.  *See* Huawei Reply at 1-2.  These defendants' motions to transfer thus fail on the threshold issue.

What defendants have to say about most of the remaining defendants is also insufficient. Defendants were required to establish that they were subject to the personal jurisdiction of the Northern District of California and the venue would have been proper there.  They still have not done so:

Microsoft:  Defendants say that Microsoft "maintains an office" in Sunnyvale.  *See* Reply at 4, n. 4 (citing Viamin Decl at ¶ 3).  The declaration that Microsoft points to says that "[t]here are currently approximately 25 Microsoft employees at the Sunnyvale, California office . . . .").

1

The presence of a single office in a district is not enough to establish that Microsoft is subject to personal jurisdiction in that district, or that venue is proper there.

HTC:  Defendants say that "HTC America regularly conducts business in the N.D. Cal." Reply at 4 n.4 (citing Bariault Decl. at ¶ 6).  The cited declarations asserts in conclusory fashion that HTC "regularly conducts" business in the San Francisco Bay area, and provides as the only example of such regularly conducted business the fact that HTC works with Google on developing Android.  *See id*. (citing Bariault Declaration at ¶ 6).  That says nothing about whether HTC's contacts with the Bay Area are sufficient to subject it to personal jurisdiction there or to make venue proper there.  Indeed, HTC's declaration goes on to argue that *all* of its people relevant to this action are in Bellevue, Washington.  Bariault Decl. at ¶ 8.  The fact that HTC does business with an entity that is in the Bay Area does not mean that HTC could have properly been sued there.

Amazon:  Defendants say that Amazon's Lab126 subsidiary is located in Sunnyvale. Reply at 4, n. 4 (citing Somayajula Decl at ¶ 2).  But Nonend did not bring an action against Lab126.  The action was brought against Amazon.  The presence of a different corporation (whether wholly owned or not) in the Northern District of California does not establish that Amazon could have been sued there.  Additionally, Amazon continues to ignores the positions it took in its motion to dismiss about where a patent defendant can be sued.  *See* Opp. at 2, n. 2.

Panasonic:  Defendants say that Panasonic maintains an R&D facility in Cupertino.  *See* Reply at 4, n. 4 (citing Ruderman Decl at ¶ 9).  But the declaration on which they rely merely points to a laboratory that Panasonic has already admitted has nothing to do with this case.  *See* Opp. at 10 (citing Panasonic's deponent's testimony).  The fact that this laboratory is in the

Northern District of California does not mean that this action could have been brought against the Panasonic defendants there.

LG:  Defendants say that one LG entity has offices in San Jose and that another operates a Silicon Valley laboratory.  *See* Reply at 4 n.4 (citing Son Decl. at ¶ 2 and Alessi Decl. at ¶ 9). But LG is headquartered in New Jersey, and there is no evidence that its offices or laboratory are so important generally, or to the issues in this case specifically, that LG would be subject to the personal jurisdiction of the Northern District of California, under either a general or specific theory of personal jurisdiction.

Finally, defendants generally rely on Nonend's pleading that they are subject to the personal jurisdiction of this district.  Reply at 4.  But Nonend's pleading in this regard, and defendants' decisions not to contest personal jurisdiction here, does not establish that personal jurisdiction exists in other districts.

## II.     JUDICIAL EFFICIENCY WEIGHS AGAINST TRANSFER

Defendants do not dispute that granting the transfer they seek would result in judicial inefficiency.  Instead, they argue in reply that (1) this resulting judicial inefficiency should be ignored in the transfer analysis because it is not based on *past* familiarity with the accused patents; (2) the Court can avoid the judicial inefficiency by transferring all cases to California because non-moving defendants, like Samsung, have filed non-oppositions to the transfer motions or expressed a willingness to be transferred; and (3) consideration of judicial inefficiency would "usurp" the role Congress gave to the Judicial Panel on MDL.  Reply at 2. The Court should reject these arguments.

First, the moving defendants argue that judicial efficiency should not be considered because all of the cases were filed at the same time, and judicial efficiency issues can only be

3

considered if it is based on *past* experience the Court has with the asserted patents.  *See* Reply at

2.  But that is the opposite of what they argued in their opening brief.  In their opening brief,

defendants argued that "judicial economy also weighs in favor of transfer" because all of the

moving defendants could be moved to the same court in California.  Opening Brief at 1.

Defendants are also wrong on the law, which clearly allows consideration of the judicial

inefficiency involved in having issues simultaneously addressed by different courts.  *Continental*

*Grain Co. v. The FBL-585,* 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases

involving precisely the same issues are *simultaneously* pending in different District Courts leads

to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.")

(emphasis added); *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351-52 (Fed. Cir. 2009)

("[T]he existence of multiple lawsuits involving the same issues is a *paramount* consideration

when determining whether a transfer is in the interest of justice.").

   The case on which defendants rely, *In re Google*, does not say otherwise.  *See* Reply at

2.  There, the Federal Circuit granted a mandamus petition and ordered the Court to rule on a

pending motion to transfer.  The Federal Circuit cautioned that the Court should not deny the

motion based on the familiarity that the Court had gained with the case while the motion was

pending.  In other words, judicial inefficiency that was the result of delay in ruling on the motion

should not count.  *See In re Google Inc.,* Case No. 2015-138, 2015 WL 5294800, *1-2 (Fed. Cir.

Jul. 16, 2015).  But that is not the type of judicial inefficiency on which Nonend is relying.

Because this case involves multiple defendants—many of who have not moved to transfer—it

has been clear from day one that granting the transfer sought by defendants would (no matter

how fast the motion is taken up) necessarily involve multiple federal judges having to address

essentially the same issues.   That is a very strong reason not to grant the transfer sought by the

moving defendants.

Second, defendants' argument that judicial inefficiency can be avoided by also transferring the non-moving defendants should be rejected because it is an attempt to avoid a fair analysis of the transfer factors as to all defendants.  As Nonend pointed out in its original opposition, defendants like Samsung, who have the closest ties to Texas, did not move to transfer.  Nor did the moving defendants actually ask in their motions for all of the defendants to be transferred.  They did not do so because they knew that seeking that relief would have required an analysis of the witnesses and evidence in Texas for the non-moving defendants. Defendants want the Court to ignore this, and instead focus on the mere fact that certain non-moving defendants have now filed statements with the Court saying that they are "willing" to be transferred.  Reply at 2.  But the Court should not consider their "willingness" to be transferred without also considering whether transfer of those defendants would be clearly more convenient. And since no defendant has moved for the transfer of those parties, or attempted to show that the transfer factors as to the non-moving defendants would favor transfer, the judicial efficiency of moving *all* defendants to California is not relevant to the actual motions to transfer before the Court.

Third, the MDL process will not avoid judicial inefficiency.  Obviously, moving some cases to California only to have the MDL panel re-consolidate them in a single district would not promote judicial efficiency.  And defendants' argument that this Court's denial of transfer based on considerations of judicial efficiency would somehow "usurp" the power that Congress gave to the MDL Panel, *see* reply at 3, is a novel theory for which they have no authority.  It is plainly inconsistent with long-standing case law requiring judicial efficiency to be considered by the district court.  *See, e.g., In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351-52 (Fed. Cir. 2009)

("[T]he existence of multiple lawsuits involving the same issues is a *paramount* consideration when determining whether a transfer is in the interest of justice.").

## III.   THE DELAY THAT WOULD RESULT FROM THE TRANSFER SOUGHT BY DEFENDANTS WEIGHS AGAINST TRANSFER

In opposition, Nonend explained why granting the transfer sought by the moving defendants would delay trial of their actions by *years*. *See* Opp. at 22.  In reply, defendants do not dispute this.  This delay weighs heavily against the transfer sought by the moving defendants.

## IV.   DEFENDANTS' DELAY IN FILING THEIR MOTIONS WEIGHS AGAINST TRANSFER

Nonend pointed out that defendants' delay in filing their transfer motions weights against transfer.  *See* Opp. at 21; *ZiiLabs Inc., Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:14-cv-203, Dkt. 395, at 19 (E.D. Tex. Sept. 9, 2015) (holding that similar delay weighed against transfer).  In reply, defendants do not dispute that they delayed, or that their delay weighs against transfer.

## V.   THE LOCATION OF RELEVANT EVIDENCE DOES NOT FAVOR TRANSFER

Defendants have not shown that the location of relevant evidence weighs in favor of transfer—let alone that it weighs so strongly in favor of transfer that it overcomes the other factors—judicial efficiency and delay—that weigh against transfer.  Defendants have thus failed to show that the Northern District of California is clearly more convenient.

### A.   Microsoft Evidence

In reply, Microsoft argues only that Nonend has not shown that Microsoft has any relevant evidence in Texas.  *See* Reply at 5-6.  But, tellingly, Microsoft does not point to a single connection to the district to which it is seeking transfer!  *See id.*  That is because everyone knows that Microsoft is really up in Seattle.  True, Seattle is closer to San Francisco than it is to this district.  But in either case, the distances to attend trial require air travel and hotel stays.  Simply

6

put, San Francisco is not a location that is *clearly* more convenient for a Seattle company.  *See In re Apple*, 374 Fed. App'x 997, 998 (Fed. Cir. 2010) ("[T]he petitioners have not made a compelling showing that Massachusetts is a more convenient forum, particularly in light of the fact that none of the defendants is headquartered there.").

Microsoft also completely discounts the relevant witnesses that Nonend has identified. Nonend identified five specific individuals by name who are located in the Irving, Texas area and who are or were employees of Nokia (now Microsoft) and who were involved in the development, manufacturing, marketing, sale, or support of the accused Lumia phones.  *See* Opp. at 3-4.  Microsoft argues in reply that these individuals do not have anything to do with the development of the phones, and that at best, they would have knowledge relating to the sale of the accused products.  *See* Reply at 5-6.  Microsoft then tries to discount their relevance by arguing that they are not in this district, even though the only Microsoft witnesses that it is relying on to support its motion to transfer to the Northern District of California are located in Seattle or San Diego, *which are outside of that district*.  The fact remains that the witnesses identified by Nonend are relevant and they are within the subpoena power of this district.  They are not within the subpoena power of the Northern District of California.  Their location thus weighs against transfer.

Finally, Microsoft argues that the location of the former Nokia in Finland and in Texas does not matter because its witnesses swore that witnesses relevant to the development of the accused phones are not in Finland.  Reply at 5-6.  That is an amazing assertion since Nokia was headquartered in Finland and Texas, and today Microsoft Mobile (which is responsible for the accused phones) is headquartered in Finland.  And it is even more amazing since Microsoft's 30(b)(6) witnesses never talked to any of Microsoft's thousands of employees in Texas, had

never heard of Microsoft Mobile, had no idea where it was headquartered, and did not know anything about Microsoft's acquisition of Nokia.  *See* Opp. at 4.  Given that Microsoft chose not to have its witnesses address these issues in their declarations, or to prepare its 30(b)(6) witness to address them during Microsoft's venue deposition, the fact that Microsoft's sworn statements only identify witnesses located on the west coast clearly does not mean that there are no relevant witnesses elsewhere.

### B.     Evidence From Computer Manufacturers (Fujitsu, HP, Panasonic, Toshiba, Dell, And Acer)

Several defendants are in this case because they sell computers with copies of Microsoft's Windows Media Player.  These defendants primarily argue that the actions against them should also be moved to San Francisco because Microsoft is in Seattle.  But as discussed above, San Francisco is not really clearly more convenient for Microsoft.  So it certainly does not follow that San Francisco is a more convenient forum for the computer manufacturers. Moreover, in many instances these defendants have relevant evidence here, or near here, that makes this district more convenient.

In reply, defendants argue that the evidence identified by Nonend was the result of Nonend's "cherry-picking employees and offices, ignoring their irrelevance to the cases at hand."  Reply at 6.  Not so.  Nonend identified relevant evidence located here or near here for many of the computer manufacturers.

Fujitsu:  Microsoft says that Nonend identified only a single Fujitsu employee. Reply at 6.  Nonend explained that Fujitsu's evidence is primarily from its headquarters in Japan, and that to the extent it is in the United States, evidence will be just as likely to come from Texas as California.  That is because one of the "main campuses for Fujitsu in North America" is located in in Richardson, in this district.  *See* Opp. at 7.  Fujitsu does not dispute that individuals who

work there, including specifically Bob Pryor and Don Burwell, will have relevant information. *See id*. at 7-8.  Nonend also identified a Dallas sales office that has nationwide responsibility for the sale of accused products.  *See id*. at 8.  That relevant information is located there was also not disputed by Fujitsu.

HP:  HP misstates Nonend's arguments relating to HP.  HP says that Nonend relies primarily on infrequent meetings between HP and Microsoft in Houston.  Reply at 7.  What about the fact that HP's "largest single site for computers, laptops, and notepads" is located in Houston?  *See* Opp. at 6.  What about HP's massive presence in Plano (which involves selling the accused products to enterprise customers)?  *See* Opp. at 7.  HP simply pretends like Nonend did not mention these things in its opposition.

Panasonic:  In reply, Panasonic itself admits that all of its relevant witness are in Japan or New Jersey.  Reply at 8.  That hardly supports its argument that California would be clearly more convenient than Texas for it.  Moreover, Nonend identified specific relevant Panasonic witnesses and documents in Texas, whereas Panasonic has not identified any Panasonic witnesses located in California.  *See* Opp. at 9-10.  That weighs against transfer.

Toshiba:  In reply, Toshiba argues that all of its relevant evidence is in Japan and or Irvine, California.  That does not support a transfer to the Northern District of California. (Indeed, Toshiba has not pointed to a single connection to the Northern District of California.)

Nonend, on the other hand, had identified specific witnesses located in Texas who are relevant to this action.  *See* Opp. at 11.  Those witnesses weigh against transfer.

As Nonend explained in its opposition, Toshiba's witnesses were utterly unprepared to disclose anything about Toshiba's presence in Texas.  *See* Opp. at 11.  Apparently in response to that, Toshiba argues in reply that its 30(b)(6) witnesses properly refused to speculate about the

activities of Toshiba entities in Texas.  Of course it is true that witnesses should not guess during depositions.  But that does not mean that Toshiba should be excused for failing to disclose anything about its own activities in Texas.  Toshiba's 30(b)(6) witness should have been prepared to testify on those issues.  The fact that he was not surely does not help Toshiba's motion to transfer.

At the end of the day, Toshiba has identified a single employee in San Francisco.  That is not enough to show that San Francisco would be clearly more convenient for it.

Dell:  Dell has not identified a single connection to California.  For that reason alone, Dell has not shown that the transfer it seeks would serve the interests of convenience.  Worse, the moving defendants completely discount Dell's significant ties to Texas.  First, they argue that Dell's location is Austin is irrelevant because only connections in this district count.  Reply at 9. That is, of course, completely inconsistent with their arguments that they should be transferred to San Francisco based on connections to places like Seattle and Irvine (i.e., places not only outside the district to which they seek transfer, but also places outside of the entire state to which they seek transfer).

Dell's significant evidence located in Austin is relevant at least because this Court will have subpoena power over Dell witnesses located there (specifically identified by Noennd in its opposition, *see* Opp. at 5-6).

Nonend does not try "without foundation to implicate Dell's facility in Plano and the Dell Services group."  Reply at 9.  Of course Dell argues that Dell Services is not relevant—that is a play right out of Dell's patent litigation playbook.  *See Consolidated Work Station Computing, LLC v. Dell Inc.*, No. 6:10-cv-620, Dkt. 83, at 4–8 (E.D. Tex. Sept. 28, 2011).  The problem for Dell is that its argument that Plano-based Dell Services is not relevant has been rejected for good

reason in the past, *see id.*, and it should be rejected for good reason now.  Dell Services is involved in selling accused products to enterprise customers.  Any suggestion by Dell to the contrary should be rejected, since Dell completely failed to prepare its 30(b)(6) venue witness to testify about what Dell Services does in Plano.  *See* Opp. at 6.

Finally, in reply, Dell does not dispute the fact that its offices in Sunnyvale and Santa Clara have nothing to do with the Windows products accused of infringement in this case.

Dell has much more significant ties to Texas than it does to California, and much more significant ties to this district than it does to the Northern District of California.  Dell has not shown that the transfer it seeks is warranted.

Acer:  In reply, Acer does not dispute that its true headquarters are in Taiwan.  *See* Opp. at 8.  Instead, Acer argues that it would be more convenient for witnesses to travel to California than to Texas.  But the difference in travel from Taiwan to California or to Texas is not meaningful.  It is certainly not enough to conclude that California would be clearly more convenient for the action against Acer.

## C.      Evidence From Phone Manufacturers (Huawei, Amazon, HTC, LG)

Several additional defendants are charged with infringement based on their manufacture of smartphones that infringe one or more of the asserted patents.  They too cannot show that San Francisco would be clearly more convenient for the actions against them.

Huawei:  Huawei concedes that its headquarters are in Plano, in this district.  Yet Huawei says that the relevant technical employees are in California.  Even accepting that as true, that would not change the fact that there are just as many relevant employees here in Texas.  Indeed, six of the eight relevant Huawei individuals identified in Huawei's initial disclosures are located in Texas, not California!  *See* Opp. at 12.  And there are likely to even be more relevant

witnesses at Huawei's Plano headquarters, since in this case damages issues, and particularly issues of apportionment, will be very important.  But the truth is that the relevant technical knowledge will not really come from California.  Most of the relevant technical work on Huawei's products takes place in China, not in California.  *See* Opp. at 11-12.  And even most of the work that is done in California is done in San Diego, far from where Huawei asks the Court to transfer it.  *See id.* at 12.  The facts put forward by Huawei do not support transfer to San Francisco.

Amazon:  Like Microsoft, Amazon is headquartered in Seattle.  While there may be some relevant witnesses in the San Francisco area who work at Lab 126 (a separate company) and who have knowledge about certain technical issues, Amazon does not dispute that there are many technical witnesses in Seattle as well.  Nor does Amazon dispute that the witnesses with information relevant to other issues (such as damages) will be located in the Seattle area.  The location of some Amazon related witnesses in San Francisco is not enough to make transfer there clearly more convenient for Amazon, let alone for all of the moving defendants.

HTC:  Even accepting all of HTC's arguments, the best HTC can establish is that its witnesses are located in the Seattle area.  *See* Reply at 11-12.  HTC does not point to a single connection to the Northern District of California.  That is not enough to support transfer to San Francisco.

LG:  In reply, LG says that its documents "are located, or are easily accessed" in the N.D. Cal.  Reply at 12.  The "or" part of that is key.  Through the magic of computers, documents are easily accessed from anywhere.  Most of LG's documents are hosted on servers located in LG's headquarters in New Jersey.  *See* Opp. at 14.  (Presumably those servers are what makes LG's documents "located, *or* easily accessed" from California).  The truth is that LG has not shown

any meaningful connection to the Northern District of California.  Most of its evidence will come

from Korea, or from LG's United States headquarters in New Jersey.  *See* Opp. at 14-15.

### D.      The Carriers, Particularly AT&T In Dallas, Have Relevant Evidence

The moving defendants take the remarkable position that "AT&T and the other carriers

have nothing to do with Nonend's case against any of the Defendants."  Reply at 3.  Of course

they do.  The carriers are the companies who sell the accused products to customers.  The

carriers themselves infringe by selling the products.  They will thus have relevant information

relevant to sales, profits, customer demand for accused features, etc.

But the carriers are not mere retailers.  They build and maintain the entire infrastructure

with which the accused smartphones communicate and operate.  The carriers thus have a wealth

of technical information that is relevant to this case.  For example, how often do phones switch

off of cellular connections to wi-fi connections in order to use a better channel for streaming

media?  That is something that the carriers are intensely interested in since one of the biggest

issue they face is customers' insatiable demands for bandwidth.

In reply, defendants argue that "wi-fi offloading" is not relevant to this case because

those precise words were never used in the complaint.  Reply at 13-14.  But the 862 patent is all

about switching between wi-fi and cellular channels, and there is no dispute that such

functionality has been accused of infringement in this case.  The fact that Nonend did not use the

words "wi-fi offloading" in its complaints does not mean that the carriers will not have relevant

technical information (in addition to a wealth of damages related information).

Finally, defendants complain that Nonend has not identified carrier witnesses yet.  Reply

at 14.  But that is a problem of defendants' making, not Nonend's.  Defendants have spread out

their motions to transfer over several months, leaving the carrier motions for the end.  And the

carrier defendants have delayed and delayed in providing discovery, conveniently agreeing to depositions of their witnesses only *after* this final brief on the joint motion to transfer is due. *See, e.g.,* Lead Case, Dkt. Nos. 331, 362 & 371.  The carriers are obviously relevant, and their witnesses will be relevant.  The fact that Nonend cannot now name specific names is not Nonend's fault, but rather appears to be the result of a deliberate strategy adopted by the defendants that are seeking transfer.

### E.    Defendants Prior Art Witnesses Do Not Weigh In Favor Of Transfer

The moving defendants served invalidity contentions asserting *more than 425 prior art references*. This massive amount of prior art makes it even more clear that the moving defendants' identification of a handful of witnesses in California with knowledge relevant to a few prior art references is not particularly meaningful.  But even if it were considered, it would be outweighed by the fact that there are at least sixteen inventors or authors of prior art references asserted by the moving defendants who are located in Texas, including at least four in this district and at least six subject to the absolute subpoena power of this Court.  *See* Ex. 1 [List of Texas Prior Art Witnesses].  So the fact that the moving defendants could identify a few prior art witnesses in California does not weigh in favor of transfer.

## VI.    CONCLUSION

For the foregoing reasons, the Court should deny the moving defendants' motions to transfer.

Dated: November 6, 2015                    Respectfully submitted,

                                           */s/ Matthew J. Antonelli*
                                           Matthew J. Antonelli (lead attorney)
                                           Texas Bar No. 24068432
                                           matt@ahtlawfirm.com
                                           Zachariah S. Harrington
                                           Texas Bar No. 24057886

zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
Kris Y. Teng
Texas Bar No. 24079443
kris@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DeRIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail:  ederieux@capshawlaw.com

*Attorneys for Nonend Inventions, N.V.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of November 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli
